The facts found by the hearing attorney and adopted by the trial judge are that the applicant failed to prove: he retained Jesse Campos to pursue and complete an appeal of his conviction; he was indigent; he retained an attorney other than Jesse Campos to perfect an appeal from his conviction; he was made to plead guilty by his retained attorney at trial, Joseph I. Lopez.

These findings made by the attorney hearing the matter and adopted and supplemented by the trial judge are fully supported by the record. Since the applicant was not indigent and did not employ an attorney to represent him on appeal, he waived his right to appeal; therefore, the applicant's claim of ineffective assistance of counsel is wholly without merit. The relief sought will be denied.

It is so ordered.

**Robert Eugene GAINER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 82–1.**

Court of Criminal Appeals of Texas, En Banc.

April 7, 1982.

**ORDER**

PER CURIAM.

The appellant moves that this court extend the deadline for him to file a petition for review. He alleges that, although he sent copies of his petition for review to this court and to counsel for the State, he failed to file the original petition with the court of appeals as required by Tex.Cr.App.R. 304(b). He also alleges that the court of appeals has issued its mandate.

Since the court of appeals has issued its mandate, we think that the appellant's remedy must lie with that court. (For example, the appellant could move that the court of appeals withdraw its mandate and extend the time for him to file a motion for rehearing.)

The motion is denied.

**Hilario REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 82–2.**

Court of Criminal Appeals of Texas, En Banc.

April 7, 1982.

issuance of *its* mandate of affirmance in this cause"; the third and fourth paragraphs allege that the appellant will be harmed if this court does not stay "*execution* of the mandate"; the last paragraph "prays the court to stay the *issuance* of the mandate" (emphasis added). Therefore, it is not clear whether the motion is addressed to the mandate of this court or to the mandate of a lower court, and it is not clear whether it seeks a stay of the issuance of the mandate or a stay of the execution of the mandate.

Insofar as the motion is addressed to a mandate of this court, it has no basis. This court has not assumed jurisdiction of this appeal, and no mandate of affirmance has been or will be issued by this court in this cause unless this court takes jurisdiction of the appeal. Therefore, insofar as the motion may be addressed to a mandate of this court, it is dismissed for want of jurisdiction.

Insofar as the motion seeks a stay of the issuance or the execution of the court of appeals' mandate, it is denied without expressing any opinion as to any motions that the appellant may seek to file in the court of appeals pursuant to Tex.Cr.App.R. 208 or 210(b); also see Tex.Cr.App.R. 4.

## ORDER

PER CURIAM.

The appellant has filed a motion, the exact nature of which is not clear. It alleges that he was convicted of possession of marijuana in cause 325,669 of the 185th Judicial District Court and given a punishment of seven years' confinement. It further alleges that the court of appeals affirmed his conviction on March 16. (Our records show that the court of appeals' opinion was delivered on January 14.)

The motion is captioned, "MOTION TO STAY *EXECUTION* OF MANDATE"; the first sentence asks this court "to stay the

Bob MOERBE, d/b/a Bob's Air Conditioning, Appellant,

v.

Frank MEECE, Appellee.

No. 13339.

Court of Appeals of Texas, Austin.

Oct. 28, 1981.

Rehearing Denied Nov. 18, 1981.